# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL GLINIECKI,**
      **Plaintiff,**

v.                Case No. 12-C-280

**BRUNSWICK CORPORATION
and SEA RAY BOATS INC.,**[1]

      **Defendants.**

## DECISION AND ORDER

  Originally filed in the Circuit Court for Waukesha County, Wisconsin, this action was removed to this federal district court by the Defendants, Brunswick Corporation ("Brunswick") and Sea Ray Boats Inc. ("Sea Ray"). The action arises out of the Plaintiff, Michael Gliniecki's ("Gliniecki"), January 25, 2009, purchase of a new and allegedly defective 2006 Sea Ray 270 Amberjack boat from Skipper-Bud's-Pewaukee. (Compl. ¶ 1 ) Brunswick manufactured the boat. (*Id*.)

  Gliniecki's seven-count Complaint alleges claims of breach of express warranty (Count I), breach of implied warranty of merchantability (Count II), revocation of acceptance (Count III); breach of written warranty under the Magnuson-Moss Warranty Act (Count IV); breach of implied warranty under the Magnuson-Moss Warranty Act (Count V); and, breach of contract (Count VI).

---

[1] The Defendants indicate that Sea Ray Boats is an operating division of Brunswick and is improperly referred to Sea Ray Boats, Inc.

On April 13, 2012, the Defendants filed a motion to dismiss four counts of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The challenged counts are claims for breach of express implied warranty (Count II), revocation of acceptance (Count III), breach of implied warranty under the Magnuson-Moss Warranty Act (Count V), and breach of contract (Count VI).

The Defendants maintain that the first three challenged counts fail to state a claim because the Complaint does not allege or incorporate by reference any attached exhibit that would create an independent contract between Gliniecki and them and that, therefore, he is unable to plead the essential elements of the breach of an implied warranty of merchantability under Wisconsin law or breach of implied warranty under the Magnuson-Moss Act. (Defs.' Mot. Dismiss & Mem. Law, 4) (citing *St. Paul Mercury Ins. Co. v. The Viking Corp.*, No. 04-C-1124, 2007 WL 129063, at * 23 (E.D. Wis. Jan. 12, 2007) (citing *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F.Supp. 208, 215 (E.D. Wis. 1984) (citing *Paulson v. Olson Implement Co.*, 107 Wis.2d 510, 319 N.W.2d 855 (1982); *LaCrosse v. Schubert, Schroeder & Assocs., Inc.*, 72 Wis.2d 38, 240 N.W.2d 124 (1976)), *aff'd*, 539 F.3d 623 (7th Cir. 2008) and *Lamont v. Winnebago Indus., Inc.*, 569 F. Supp. 2d 806, 815 (E.D. Wis. Aug. 7, 2008)). Additionally, the Defendants argue that because there is no buyer-seller relationship between Gliniecki and them, he cannot state a claim against them for revocation of his acceptance. Lastly, the Defendants argue that the common law breach of contract claim alleged in Count VI should be dismissed because it is redundant of Counts I and IV, and seeks the same relief as those counts.

The time for Gliniecki to file any response has passed, and none has been filed. By failing to respond to the Defendants' motion, Gliniecki has waived his right to present any opposing arguments. The Court addresses the Defendants' motion.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual

3

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The cases cited by the Defendants establish that Counts II, III, and V fail to state a claim upon which relief may be granted because there is no privity of contract between Gliniecki and the Defendants. Therefore, the Defendants' motion to dismiss is granted as to Counts II, III, and V.

With respect to Count VI, the Defendants do not contend that it does not state a plausible claim for relief under Wisconsin contract law. Rather, they maintain it is "redundant" of other causes of action. Such contention does not provide a basis for dismissal under Rule 12(b)(6). Rule 8(d) of the Federal Rules of Civil Procedure states that "[a] party may set out 2 or more statements of a claim . . . alternatively . . . in separate [counts]." In light of the foregoing, the Defendants' motion to dismiss is granted as to Counts II, III, and V, and denied as to Count VI.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion to dismiss (ECF No. 5) is **GRANTED** as to Counts II, III, and V and **DENIED** as to Count VI.

Dated at Milwaukee, Wisconsin this  6th  day of June, 2012.

BY THE COURT

_____
**Hon. Rudolph T. Randa
U.S. District Judge**