# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MICHAEL GLINIECKI,

        **Plaintiff,**

    **-vs-**

        **Case No. 12-C-280**

BRUNSWICK CORPORATION
and SEA RAY BOATS INC.,

        **Defendants.**

---

## DECISION AND ORDER

---

This diversity action arises out of Plaintiff Michael Gliniecki's ("Gliniecki") January 2009, purchase of a new, and allegedly defective, 2006 Sea Ray 270 Amberjack boat (the "Vessel") from Skipper-Bud's-Pewaukee (the "Dealer"). This Decision and Order addresses the motion for summary judgment filed by Brunswick Corporation ("Brunswick") and Sea Ray Boats, Inc. ("Sea Ray") (collectively the "Defendants"). Previously, by a Decision and Order issued June 6, 2012, the Court granted the Defendants' motion to dismiss as to Count II (breach of express implied warranty), Count III (revocation of acceptance), and Count V (breach of implied warranty under the Magnuson-Moss Warranty Act ("the Act")), and denied the motion as to Count VI (breach of contract). (ECF No. 8.)

The Defendants seek summary judgment dismissing Gliniecki's remaining causes of action: breach of express warranty (Count I), breach of written warranty under the Act (Count IV), and breach of contract (Count VI). The time for Gliniecki to

file any response to the Defendants' summary judgment motion has passed, and none has been filed. By failing to respond to the motion, Gliniecki has waived his right to present any opposing arguments.

## Relevant Facts[1]

On about January 25, 2009, Gliniecki purchased the Vessel from the Dealer. The Vessel was manufactured by the Defendants and sold to the Dealer for resale to retail customers like Gliniecki. Gliniecki did not purchase the Vessel from the Defendants. The Defendants issued an Express Limited Warranty for the Vessel, which among other things covered the hull of the Vessel. Gliniecki received a copy of the Express Limited Warranty.

The Express Limited Warranty provides:

> Sea Ray's obligation under this limited warranty shall be limited to the repair or replacement of parts that are found to be defective in factory materials or workmanship. In no event shall any repair or replacement under this limited warranty exceed the fair market value of the owner's boat as of the date of the owner's claim. THE REMEDY PROVIDED IN THIS LMITED WARRANTY SHALL CONSTITUTE THE OWNER'S SOLE AND EXCLUSIVE REMEDY AGAINST SEA RAY.
> . . .

---

[1] The relevant facts are based on the Defendants' statement of material facts. (ECF No. 14.) Because Gliniecki has not filed any response to that statement, the factual statements in the Defendants' statement of material facts are taken as true. *See* Civil Local Rule 56(b)(4) (E.D. Wis.). Conclusions of law and arguments are not facts and therefore have been excluded from the relevant facts.

- 2 -

## OTHER LIMITATIONS

> EXCEPT AS SET FORTH HEREIN OR ON ANY
> OTHER WRITTEN EXPRESS LIMITED
> WARRANTIES BY SEA RAY, THERE ARE NO
> OTHER WARRANTIES EITHER EXPRESS OR
> IMPLIED PROVIDED BY SEA RAY ON THIS BOAT.
> ALL OTHER WARRANTIES, EXPRESS OR IMPLIED,
> INCLUDING IMPLIED WARRANTIES OF FITNESS
> AND MERCHANTABILITY, ARE EXPRESSLY
> EXCLUDED . . . TO THE EXTENT ALLOWED BY
> LAW . . . NEITHER SEA RAY, NOR THE SELLING
> DEALER SHALL HAVE ANY RESPONSIBILITY FOR
> LOSS OF USE OF THE BOAT, LOSS OF TIME,
> INCONVENIENCE, COMMERCIAL LOSS OR
> CONSEQUENTIAL DAMAGES.

(Ex. A (Affidavit of Robert Nye ("Nye"[2])), ¶ 8, Ex. 1, 2-3.) (ECF No. 14-1.)  The

Express Limited Warranty states that "Sea Ray must receive written notice of any

remaining warranty claims from the owner . . . and the owner must allow Sea Ray an

opportunity resolve the matter."[3]  (*Id.*)

Gliniecki alleges that he has experienced problems with leaks in the Vessel.

The only defect that Gliniecki claimed under the Warranty was a leak.

Prior to filing this suit, Gliniecki attempted to have the Vessel's leak repaired

three times.  The first two repairs were made by authorized dealers.  Typically the

Vessel was serviced during the boating off-season and was picked up by the dealer

---

[2] Nye is a Brunswick employee.

[3] Paragraph eight of the Nye Affidavit, citing exhibit one, states "Sea Ray must receive written notice of any warranty claims from the owner . . . and the owner must allow Sea Ray an opportunity to repair and replace on the terms of this Limited Warranty."  However, that wording is not found in the limited warranty.  The Court has substituted similar language that is found in the cited exhibit.

and returned to Gliniecki after the repairs were completed. The third repair was made by the Defendants, who took the Vessel in for service in the winter of 2011. The Vessel was to be returned to Gliniecki in April 2012 after the leak had been repaired.

All claims that were covered by the Express Limited Warranty and presented to Defendants or an authorized dealer for repair were repaired in conformance with the terms of the Express Limited Warranty at no cost to Gliniecki.

On March 1, 2012, Gliniecki wrote the Defendants informing them that he intended to revoke his acceptance of the Vessel and file suit. The next day, prior to taking delivery of the Vessel and before ascertaining if it had been repaired, Gliniecki filed suit. Gliniecki's filing of the action left the Defendants only one day to respond to his letter of revocation. In April 2012, Gliniecki purchased a second Sea Ray boat, allegedly for use while his Vessel was being serviced by the Defendants. Gliniecki did not inform the Defendants that he intended to purchase the second boat.

Gliniecki alleges that he filed suit and purchased the second boat before allowing Defendants to deliver the Vessel within the agreed-upon return period because he could not confirm that his Vessel would be repaired in April. However, Gliniecki did not attempt to contact Defendants directly to ascertain the status of his Vessel. Rather, he tried to contact the Dealer — although the Defendants had possession of, and were responsible for the repair and return of, the Vessel.

Once Gliniecki received his Vessel back from the Defendants, he sold the second boat because he no longer needed it. He now seeks recovery for the loss he

- 4 -

sustained on the purchase and sale of the second boat.

After filing the lawsuit, Gliniecki claimed to have experienced another leak in the Vessel. The Dealer explained that the leak had a different source and was due to the improper reinstallation of a boot following the completion of the repairs for the original leak. Gliniecki admits that the original leak may be repaired and that it may have been repaired as of the date he filed this lawsuit. Gliniecki knows of no other contract or warranty other than the Express Limited Warranty that applies to his claims regarding the alleged defects in the Vessel.

### Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Summary judgment should be granted when a party that has had ample time for discovery fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. If the moving party establishes the absence of a genuine issue of material fact, the non-moving party must demonstrate that there is a genuine dispute over the material facts of the case. *Id.* at 323-24. "In determining whether a genuine issue of material fact exists, all facts are construed in favor of the nonmoving party." *Springer v. Durflinger,* 518 F.3d 479, 483-84 (7th Cir. 2008).

- 5 -

**Analysis**

The Defendants contend that they are entitled to summary judgment as a matter of law because there is no genuine issue of material fact in the record establishing that the Defendants violated any warranties under federal or state law, and because Gliniecki is unable to submit any evidence that would support a breach of common law contract claim against them.

When considering the Defendants' motion, it is not the Court's role to make arguments for a party. *See, e.g., Fabriko Acquisition Corp. v. Prokos,* 536 F.3d 605, 609 (7th Cir. 2008) ("It is not the job of this court to develop arguments for [parties]."); *United States v. Alden,* 527 F.3d 653, 664 (7th Cir. 2008) ("[I]t is not the obligation of this Court to research and construct the legal arguments available to parties").

Gliniecki's claim for breach of express warranty (Count I) is predicated on his allegations that the Defendants breached their limited warranty to repair, replace or adjust the defective parts, and therefore the limited warranty failed of its essential purpose pursuant to Wis. Stat. § 402.719(2) and/or the remedy is not the exclusive remedy under Wis. Stat. § 419.719(1)(b). In *Murray v. Holiday Rambler, Inc.,* 83 Wis.2d 406, 265 N.W.2d 513 (Wis. 1978), the Wisconsin Supreme Court, applying section 402.719(2) of the Wisconsin Statutes, held that a repair and replacement warranty for a motor home failed of its essential purpose when the owners continued to have problems with the vehicle after repeatedly taking it back to authorized dealers

- 6 -

for repairs. "Where the seller is given reasonable opportunity to correct the defect or defects, and the vehicle nevertheless fails to operate as should a new vehicle free of defects, the limited remedy fails of its essential purpose." 265 N.W.2d at 521. Under such circumstances, *Murray* held, the buyer may then invoke any of the remedies available under the UCC, including the right to revoke acceptance of the goods.

Gliniecki has not presented any evidence that provides a factual basis for his claim for breach of express warranty. *See generally Murray*, 265 N.W.2d 513. Therefore, his claim for breach of express warranty (Count I) is dismissed.

With respect to Gliniecki's claim for breach of written warranty under the Act, 15 U.S.C. §§ 2301 *et seq.* (Count IV), the Act provides that a consumer who is damaged by a warrantor's failure to comply with a written or implied warranty may file suit for damages or equitable relief. 15 U.S.C. § 2310(d)(1). In addition, it allows such a consumer to bring a federal private cause of action for breach of written or implied warranty for claims exceeding $50,000. 15 U.S.C. § 2310(d)(3)(B). Again, Gliniecki's failure to produce any evidence that the Defendants breached their limited warranty is fatal to his claim under the Act.

With respect to Gliniecki's claim for breach of contract (Count VI), he alleges that the Defendants breached the express limited warranty by failing to repair or adjust defects or conditions covered under the limited warranty within the warranty period and within a reasonable time. Despite construing the undisputed facts in the light most favorable to Gliniecki, he has not presented any evidence upon which a

- 7 -

reasonable jury could find that the Defendants breached their obligation to repair or adjust the defects in the Vessel hull within the warranty period. Furthermore, he has failed to show that the Defendants failed to remedy the problems within a reasonable time.

The undisputed facts establish that the Defendants complied with the terms of the Express Limited Warranty. Although Gliniecki agreed to allow the Defendants until April 2012 to repair a leak in his Vessel, he filed this action before the agreed-upon deadline. The Vessel was repaired in compliance with the limited warranty. Gliniecki has not presented evidence upon which a reasonable jury could find in his favor on his three remaining causes of action. Therefore, summary judgment dismissing this action is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Defendants' motion for summary judgment (ECF No. 14) is **GRANTED**;

This action is **DISMISSED**;

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2013.

**BY THE COURT:**

*Rudolph X Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 8 -